**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ARCIDES CRUZ-HERNANDEZ, § | |
| Plaintiff, § | |
| vs. § | Civil Action No. 3:16-CV-220-M-BH |
| § | |
| JOHNSON COUNTY DETENTION § | |
| CENTER, et al., § | |
| Defendants. § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management. Before the Court for recommendation are *U.S. Immigration and Customs Enforcement's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the alternative, Motion for a More Definite Statement and Brief in Support*, filed July 5, 2016 (doc. 30), and *Defendant Johnson County Detention Center's Rule 12(b)(6) Motion to Dismiss*, filed July 6, 2016 (doc. 33). Based upon the relevant filings and applicable law, both motions to dismiss should be **GRANTED**, and the alternative motion for a more definite statement should be **DENIED as moot**.

**I. BACKGROUND**

On January 5, 2016, Arcides Cruz-Hernandez (Plaintiff) filed this *pro se* action under 42 U.S.C. § 1983 in the Southern District of Florida against the Johnson County Detention Center in Cleburne, Texas, and the U.S. Immigration and Customs Enforcement (ICE) (collectively Defendants). (*See* doc. 1.)[1] His live fourth amended complaint[2] against "Johnson County Law Enforcement Center (ICE)" appears to allege that while he was an immigration detainee[3] at that facility on August 8, 2014,

---

[1] An order transferring venue to the Northern District of Texas was entered on January 26, 2016. (doc. 8.)

[2] Though he fails to label or identify them, Plaintiff has filed four amended complaints. (*See* docs. 1, 13, 16, 19, 24.) The Court reviews his fourth amended complaint as his live complaint. (doc. 24.)

[3] Plaintiff pleaded guilty to one count of 8 U.S.C. § 1326(a)-(b) for illegal reentry into the U.S. on February 2, 2015, after a previous deportation. *See U.S. v. Cruz-Hernandez*, No. 7:14-CR-1829 (S.D. Tex. July 3, 2015).

he slipped and fell "all the way to the bottom of the stairs" after being "order[ed]" by the detention center staff to mop parts of the facility. (doc. 24 at 3-4, 20, 21.)[4] He was taken to the detention center's infirmary, received medication, and subsequently taken to a hospital for additional treatment. (*See id.* at 4, 20, 21.) He contends that he did not receive adequate care and had to be hospitalized again for nine days beginning on December 3, 2014, while he was at the East Hidalgo Detention Center. (*See id.* at 4.) He alleges that he still suffers from "excruciating pain" because of his fall, and he seeks additional medical treatment for his injuries, $9,000,000.00 in compensatory damages for permanent injuries, and asylum. (*Id.*) He also alleges that he did not receive "a chance to see the immigration judge" during his immigration proceedings and has been discriminated against "for being Hispanic [and] for not knowing how to read or write" in English. (*Id.* at 9, 31.)

On July 5, 2016, ICE moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and, alternatively, for a more definite statement. (doc. 30.) Johnson County Detention Center also moved to dismiss for failure to state a claim. (doc. 33.) Plaintiff appears to have responded to both motions in his "Memorandum in Support of Complaint" filed August 24, 2016. (doc. 40.) Both Defendants filed replies on September 9, 2016.[5] (docs. 42, 43.)

---

[4] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[5] In its reply, Johnson County Detention Center presents new arguments and evidence regarding Plaintiff's medical care and hospital records. (docs. 43 at 2-3, 43-1, 43-2, 43-3, 43-4, 43-5, 43-6.) The purpose of filing a reply brief "is to rebut the nonmovant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *See Springs Indus., Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239–240 (N.D. Tex. 1991). It did not seek leave to submit additional evidence in support of its reply or introduce new arguments. A movant is not ordinarily permitted to introduce new evidence in support of a reply or make new arguments in a reply because such actions deprive the non-movant of a meaningful opportunity to respond. *See id.* Because Plaintiff did not have a meaningful opportunity to respond to the new evidence or the new arguments, they are not considered. *See Springs*, 137 F.R.D. at 240 ("[W]here a movant has injected new evidentiary materials in a reply without affording the non-movant an opportunity for further response, the court . . . retains the discretion to decline to consider them."); *Pennsylvania Gen. Ins. Co. v. Story*, No. 3:03–CV–0330–G, 2003 WL 21435511 at *1 (N.D. Tex. June 10, 2003) ("[A] court generally will not consider arguments raised for the first time in a reply brief.").

## II.  RULE 12(b)(1)

ICE moves to dismiss Plaintiff's claims under Rule 12(b)(1) for lack of subject matter jurisdiction. (doc. 30 at 5-6.)

**A.**     **Legal Standard**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Such a motion "may be raised by a party, or by a court on its own initiative at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The dismissal "is not a determination of the merits," however, and "it does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

A district court may dismiss for lack of subject matter jurisdiction based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (en banc). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the

3

complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id*. When evidence is presented with the motion to dismiss, the attack is "factual." *Williamson*, 645 F.2d at 413. In that case, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Here, ICE relies solely on the complaint to support its motion to dismiss, so it presents a facial attack that does not require the resolution of factual matters outside the pleadings. *See Williamson*, 645 F.2d at 412–13.

**B.      Immigration Claims**

ICE contends that to the extent that Plaintiff is "attempting to assert a new fear-based, protection" asylum claim or to collaterally attack his immigration proceedings, the Court lacks subject matter jurisdiction. (doc. 30 at 4-5.)

An alien is eligible for asylum if the Attorney General or the Secretary of Homeland Security determines that the alien is a refugee. 8 U.S.C. § 1158(b)(1)(A); *see Zhu v. Gonzales*, 493 F.3d 588, 602 (5th Cir. 2007). "The Attorney General [or the Secretary of Homeland Security] has complete discretion whether to grant asylum to eligible individuals." *Zhu*, 493 F.3d at 602 (citing *Majd v. Gonzalez*, 446 F.3d 590, 595 (5th Cir. 2006)). District courts lack jurisdiction to hear an original asylum action. *See* 8 U.S.C. § 1158(a)(3); *see Babo v. Gonzales*, 172 F. App'x 69, 72 (5th Cir. 2006).

4

Plaintiff's fourth amended complaint alleges that gang members killed his father in Honduras, and he was forced by a Mexican cartel to transport drugs because its members threatened to kill his mother if he did not. (doc. 24 at 9-10.) To the extent that his complaint seeks to assert an original claim for asylum, the Court lacks jurisdiction.

Plaintiff also alleges that he did not have a "chance to see the immigration judge" during his immigration proceedings because he was discriminated against "for being Hispanic [and] for not knowing how to read or write." (doc. 24 at 9, 31.) To the extent that he seeks review of those proceedings, this Court lacks jurisdiction because "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter . . . [e]xcept as provided in this section and notwithstanding any other provision of law."[6] *Lopez v. Prendes*, No. 3:11-CV-3184-M, 2012 WL 3024209 at *1 (N.D. Tex. June 27, 2012), *adopted by*, 2012 WL 3024750 (N.D. Tex. July 24, 2012) (citing 8 U.S.C. § 1252(g)). A district court lacks jurisdiction to review a removal order. *See Atakpor v. U.S. Citizenship & Immigration Serv*s., No. 3:04-CV-2068-H, 2004 WL 2208127 at *1 (N.D. Tex. Oct. 1, 2004); *see also Nsangwa v. INS*, No. 3:01-CV-733-X, 2001 WL 910391 at *1 (N.D. Tex. Aug. 6, 2001). Moreover, the Fifth Circuit has held that *Bivens* and § 1983 actions are not available for claims that can be addressed in civil immigration removal proceedings. *See Daniel v. Zanier*, No. 14-CV-3532, 2015 WL 5015897 at *2 (W.D. La. Aug. 21, 2015) (citing *De La Paz v. Coy*, 786 F.3d 367, 380 (5th Cir. 2015)).

---

[6] A removal order is subject to federal judicial review in one of two ways. First, an alien may appeal a final order of removal issued by the Board of Immigration Appeals. Such an appeal must be taken to the court of appeals for the circuit in which the immigration judge completed the proceedings. *See* 8 U.S.C. § 1252(b)(2); *Garnica-Vasquez v. Reno*, 210 F.3d 558, 560 (5th Cir. 2000). Second, a district court has habeas jurisdiction under 28 U.S.C. § 2241 to review a removal order. *See I.N.S. v. St. Cyr*, 533 U.S. 289, 314 (2001).

5

To the extent Plaintiff attempts to collaterally attack or seek review of his immigration proceedings, these claims should also be dismissed for lack of jurisdiction.

## C. FTCA

ICE contends that to the extent that Plaintiff's allegations that he sustained injuries in a "slip-and-fall" accident at the Johnson County Detention Center are intended to assert claims under the Federal Tort Claims Act (FTCA), the Court lacks subject matter jurisdiction because he failed to exhaust administrative remedies. (doc. 30 at 5-6.)

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands,* 461 U.S. 273, 287 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer,* 510 U.S. 471, 475 (1994). Because federal sovereign immunity is jurisdictional in nature, the consent or waiver must be unequivocally expressed. *Freeman v. United States,* 556 F.3d 326, 335 (5th Cir. 2009).

Under the FTCA, "Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671-2680. To successfully sue under the FTCA, a claim must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the federal government; (5) while acting within the scope of his or her employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC*, 510 U.S. at 477-78. The only proper defendant in an FTCA action is the United States, and "an FTCA claim against a federal

agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) (citations omitted).

Here, Plaintiff names only ICE and the Johnson County Detention Center as defendants. (*See* doc. 24.) Neither party is a proper defendant to a FTCA claim. *See Galvin*, 860 F.2d at 183. Plaintiff's FTCA claim against Defendants should therefore be dismissed for lack of subject matter jurisdiction. *Id.*; *see also Ogbolu v. U.S. Immigration & Customs Enf't*, No. H-06-0115, 2006 WL 3152694 at *3 (S.D. Tex. Nov. 1, 2006) (dismissing plaintiff's FTCA claims against ICE for lack of jurisdiction).

Even if his claims against ICE are liberally construed as an attempt to sue the United States, Plaintiff must exhaust his administrative remedies before filing suit. *See McNeil v. United States*, 508 U.S. 106, 112-13 (1993); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). Section 2675(a) of Title 28 of the United States Code provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Absent compliance with the statute's exhaustion requirement, a federal district court is without jurisdiction to consider any claims under the FTCA. *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989). Because it is clear from the face of the complaint that Plaintiff has not exhausted his administrative remedies as required under § 2675(a), and he has not alleged that this exhaustion requirement should be excused, subject matter jurisdiction over any FTCA claims against the United

States is also lacking. *See Miller v. Stanmore*, 636 F.2d 986, 991 (5th Cir. 1981).

### III. RULE 12(b)(6)

Johnson County Detention Center moves to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim. (*See* docs. 33, 43.)

### A. <u>Legal Standard</u>

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim

8

upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

**B.**     **§ 1983**

Plaintiff's response reiterates that he is suing under 42 U.S.C. § 1983, and it specifically alleges for the first time that prison officials and personnel of the detention center were deliberately indifferent to his medical needs in violation of his rights under the Eighth Amendment to be free from cruel and unusual punishment. (*See* doc. 40 at 1.)[7] He also appears to allege that he was discriminated against for being Hispanic when the detention officers awakened him and another Hispanic detainee at night to mop the facility. (doc. 24 at 20, 30.) His allegations may be liberally construed as an equal protection claim under the Fourteenth Amendment.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a

---

[7] Plaintiff's new allegations in his response are not part of the pleadings to be considered for purposes of the motion to dismiss. *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473 at *4 n.3 (N.D. Tex. Aug. 15, 2014); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552 at *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the Court) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)). He has not sought or been granted leave to amend his complaint to add these allegations, and he has not shown that either defendant consented to an amendment. *See* Fed. R. Civ. P. 15(a)(2). Nevertheless, the *pro se* response may be liberally construed as a request for leave to amend his complaint. *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss, in which plaintiff first alleged that she had been willfully discriminated against, should be treated as a motion to amend her pleadings).

9

citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, a plaintiff must allege facts that show: (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### 1. *Johnson County Detention Center*

A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. The Johnson County Law Enforcement Center[8] is not a jural entity subject to suit. *See Metcalf v. De Los Santos*, No. 3:12-CV-1815-G, 2012 WL 3260497 at *2 (N.D. Tex. July 18, 2012) (citing *Wanamaker v. Johnson Cnty. Jail,* No. 3:06–CV–0255–N, 2006 WL 2583376 at *2 (N.D. Tex. Aug. 31, 2006)); *Buckley v. Dallas Cnty.*, No. 3:97-CV-1649-G, 1999 WL 222380 at *2 (N.D. Tex. April 13,1999) (citing *Whitehead v. Johnson Cnty. Law Enforcement Ctr.,* No. 3:95–CV–2118–G at *2 (N.D. Tex. Mar. 27, 1996) (holding that Johnson County has not granted the Johnson County Law Enforcement Center the capacity to engage in separate litigation)). Plaintiff's § 1983 claims against the Johnson County Law Enforcement Center should therefore be dismissed.

---

[8] The Johnson County Detention Center is the same entity as the Johnson County Law Enforcement Center. (*See* doc. 24 at 1, 3); *see also Tweedy v. Boggs*, 983 F.2d 232, 1993 WL 4507 at *1 (5th Cir. 1993) (noting that the detention center houses both federal detainees and state inmates).

*2.      Nurses*

As noted, Plaintiff's response specifically alleges for the first time that his rights under the Eighth Amendment to be free from cruel and unusual punishment were violated. (*See* doc. 40 at 1.) He identifies in his fourth amended complaint a "Nurse Webb" and a "Nurse Hilton" who allegedly did not provide him with adequate medical care, but he does not join either nurse as a party. (doc. 24 at 4.) Plaintiff attaches to his complaint a document entitled "Medical Summary" that identifies both Nurse Webb and Nurse Hilton as infirmary nurses at the detention center and states that "Nurse Webb assessed detainee and took vitals [at the time of his visit, and] Nurse Hilton saw detainee for assessment" later that day. (*Id*. at 22.) The summary goes on to state that "it was determined that [Plaintiff] needed to be further assessed and was transported to the [emergency room of a local hospital] for an evaluation." (*Id*.)

The Constitution requires humane conditions of confinement, which includes the receipt of adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).[9] Prison officials violate this requirement only when: (1) the deprivation is objectively and sufficiently serious such that the act or omission results in the denial of "the minimal civilized measure of life's necessities" and (2) the official had a culpable state of mind. *Id.* at 834 (citations omitted). The objective component requires deprivation of a sufficiently serious medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To satisfy the second component, the officials must be deliberately indifferent "to a substantial risk of serious

---

[9]An immigration detainee is entitled to the same rights afforded to a pretrial detainee. *Edwards v. Johnson,* 209 F.3d 772, 778 (5th Cir. 2000). A pretrial detainee's constitutional rights related to conditions of confinement "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment" rather than from the prohibition against cruel and unusual punishment contained within the Eighth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). Since basic human needs such as medical care are the same for pretrial detainees and convicted inmates, the same standards apply under both amendments. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

11

harm to an inmate." *Farmer*, 511 U.S. at 828.[10] This state of mind requires more than negligence but less than intent to cause harm or knowledge that harm will result from the acts or omissions. *Id.* at 835. An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

This state of mind "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations and internal quotation marks omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

To the extent that Plaintiff's *pro se* allegations concerning denial of medical care by the two specific nurses or any other personnel may liberally be construed as asserting claims against them, his complaint concedes that he received medical treatment. (doc. 24 at 4.) He only disagrees with the extent of the medical treatment he received, and mere disagreement with medical treatment is insufficient to state a claim. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). Neither negligent medical care nor medical malpractice rises to the level of a constitutional violation. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). His allegations about his medical care, even if construed as being asserted against the individual nurses, are not sufficient to state a violation of his constitutional rights. *See Morgan v. Tex. Dep't Crim. J.*, 537 F. App'x 502, 507 (5th Cir. July 31, 2013) (prescribing a treatment that causes serious side effects does not rise to the level of a

---

[10] If a pretrial detainee's claim is based upon a jail official's "episodic acts or omissions," the *Farmer* standard of subjective deliberate indifference is the measure of culpability. *Hare,* 74 F.3d at 643.

constitutional violation); *Dallas v. Stadler*, 73 F. App'x 79 (5th Cir. June 24, 2003) (failing to advise an inmate of the side effects of a medication, for which he received medical care, is not deliberate indifference to a substantial risk of serious harm). Any § 1983 claims asserted against any individual defendant should therefore be dismissed for failure to state a claim.

### 3.     *Detention Officers*

Here, Plaintiff claims that an officer at the Johnson County Detention Center forced him and another Hispanic detainee to mop parts of the facility one night. (doc. 24 at 20.) He additionally alleges that the officer was hurrying them and had "bad manners" during this occurrence. (*Id.*) These allegations may be liberally construed as an equal protection claim arising under the Fourteenth Amendment.

Inmates have the "constitutional right [under equal protection] to be free from racial discrimination." *Bentley v. Beck*, 625 F.2d 70, 71 (5th Cir. 1980); *Lee v. Washington*, 390 U.S. 333 (1968). To succeed on an equal protection claim, a plaintiff "must prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Adkins v. Kaspar*, 393 F.3d 559, 566 (5th Cir. 2004) (citing *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992)). A plaintiff must allege the "existence of purposeful discrimination, which implies that the decision maker selected a particular course of action at least in part because of the adverse impact it would have on an identifiable group." *Cotton v. Booker*, 166 F.3d 341, 1998 WL 912201 at *1 (5th Cir. 1998) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 306–07 (5th Cir. 1997)).

Plaintiff fails to allege any other facts to support his claim of racially discriminatory acts or that prisoners of any other ethnicity were treated differently than similarly situated Hispanic prisoners. (*See* doc. 24.) The mere suspicion or belief that one has suffered race-based discrimination is

insufficient to maintain this action. *See Taylor v. Johnson*, 257 F.3d 470, 474 (5th Cir. 2001) (dismissing civil rights complaint because inmate did not allege any facts to demonstrate prison officials "purposefully intended to discriminate against him as a member of an identifiable group"); *see also Al–Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995) (finding that "conclusory allegations of malice are insufficient to maintain [a] claim" of racial discrimination). Plaintiff's allegation that there was another Hispanic detainee who was ordered to mop with him also "does not show [that] either inmate was subjected to any discriminatory act against him as a member of an identifiable group." *Dibrell v. Gosset*, No. 2:16-CV-0028, 2016 WL 2770536 at *3 (N.D. Tex. May 12, 2016) (citing *Taylor*, 257 F.3d at 474). Accordingly, Plaintiff's racial discrimination claims should be dismissed. *See Latoya v. Villegas*, No. 1:12-CV-085-C, 2013 WL 4774635 at *1-3 (N.D. Tex. Sept. 6, 2013) (dismissing racial discrimination claims that favoritism was shown by the officers to certain ethnicities because the plaintiff relied entirely upon conclusory allegation of discrimination).[11]

## C. *Bivens*

To the extent that Plaintiff seeks to assert a § 1983 claim against ICE employees or federal actors, that statute does not apply when only federal action is at issue. *See Williams v. Wood*, 612 F.2d 982, 984 n.1 (5th Cir. 1980) (per curiam). When a plaintiff alleges unconstitutional action by a federal actor, his claims arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* is "the counterpart to 42 U.S.C. § 1983," and it extends the protections afforded under § 1983 to parties injured by federal actors. *Chapman v. United States*, No.

---

[11] Even though neither defendant addresses Plaintiff's discrimination allegations, the Court may *sua sponte* dismiss his claims on its own motion under Rule 12(b)(6) for failure to state a claim as long as he has notice and an opportunity to respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond. *See Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321 at *3 n.1 (E.D. Tex. Sept. 26, 2008).

4:06–CV–0426–Y, 2006 WL 3831227 at *1 n.8 (N.D. Tex. Dec. 27, 2006); *see also Boyd v. Driver*, 579 F.3d 513, 515 n.5 (5th Cir. 2009) (per curiam) (a *Bivens* action is otherwise coextensive with, and indistinguishable from a § 1983 claim). "Because *pro se* complaints are liberally construed, the courts apply § 1983 or *Bivens* according to the actual nature of the claims, not the label or characterization of a *pro se* plaintiff." *Montgomery v. Deitelbaum*, No. 3:09-CV-2407-M, 2010 WL 582146 at *2 (N.D. Tex. Feb. 18, 2010) (internal citation omitted).

*Bivens* only provides a remedy for victims of constitutional violations by government officers in their individual capacities. A *Bivens* action does not provide for a cause of action against the United States. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). Nor may a *Bivens* action be brought against a federal agency, such as ICE. *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Moore v. United States Dep't of Agric.*, 55 F.3d 991, 995 (5th Cir. 1995). Claims against federal employees in their official capacities based on alleged constitutional violations are also barred under *Bivens* because they are the equivalent to claims against the federal agencies who employ the employees. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). This is because the purpose of a *Bivens* action is to deter a federal officer from violating a person's constitutional rights. *Meyer*, 510 U.S. at 485; *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Because a *Bivens* action cannot be brought against a federal agency or individual employees in their official capacities, Plaintiff has not alleged a viable *Bivens* claim against ICE.

To the extent that the Johnson County Detention Center's personnel or employees may be deemed federal actors, Plaintiff similarly fails to state a *Bivens* action against them in their individual capacities. As previously noted, he does not allege that he was denied medical care but instead argues about the extent of treatment and medication provided. (doc. 24 at 4.) This is insufficient to state a

15

constitutional violation because he has not alleged "deliberate indifference to his serious medical needs." *Mahmoud v. Bowie*, 234 F.3d 29, 2000 WL 1568178 at *1 (5th Cir. 2000) (affirming dismissal of *Bivens* action against INS officials because plaintiff did not demonstrate deliberate indifference to his claim of an "episodic denial of medical care") (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)). His discrimination claims, which arise under the Fifth Amendment to the extent asserted against a federal actor, fail for the same reasons as his Fourteenth Amendment equal protection claims.[12] He fails to allege any other facts to support his claim of racially discriminatory acts or that prisoners of any other ethnicity were treated differently than similarly situated Hispanic prisoners. Any *Bivens* claims asserted against any individual defendant should therefore be dismissed for failure to state a claim.

**D.     Title VII**

In his response to the motions to dismiss, Plaintiff claims that prison staff put him to work, that he was injured while working, and that Title VII of the Civil Rights Act provides a basis for recovery of compensatory damages. (doc. 40 at 2.)[13]

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color,

---

[12] "The Fifth Amendment applies to the federal government a version of equal protection largely similar to that which governs the states under the Fourteenth Amendment." *Rodriguez–Silva v. INS*, 242 F.3d 243, 247 (5th Cir. 2001); *see also Richard v. Hinson*, 70 F.3d 415, 417 (5th Cir. 1995) ("We employ the same test to evaluate alleged equal protection violations under the Fifth Amendment as we do under the Fourteenth Amendment") (citing *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 215-17 (1995)) (other citation omitted). The Supreme Court has recognized that its "approach to Fifth Amendment equal protection claims has always been precisely the same as to equal protection claims under the Fourteenth Amendment." *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975) (citations omitted).

[13] Even though neither defendant addresses Plaintiff's Title VII allegations, as previously noted, the Court may *sua sponte* dismiss any such claim on its own motion under Rule 12(b)(6) for failure to state a claim as long as he has notice and an opportunity to respond. *See Carroll*, 470 F.3d at 1177 (citing *Shawnee*, 742 F.2d at 236).

16

religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). "[I]t is unclear whether Title VII applies to prisoners working at a prison job." *Montgomery*, 2010 WL 582146 at *2. Neither the Fifth Circuit nor the Supreme Court has addressed whether Title VII applies to prisoners employed at a prison job, and other courts have reached contrary conclusions. *Compare Baker v. McNeil Island Corr. Ctr.*, 859 F.2d 124, 128 (9th Cir.1988) (concluding that it may apply) *with Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991) (holding that it does not apply).

Even assuming Title VII applies to prisoners employed at prison jobs, Plaintiff has failed to state a claim because he fails to allege that he was an employee of the detention center. He alleges that he injured himself after being awakened by the detention center personnel and "ordere[d]" to mop the floor and stairs. (doc. 24 at 4.) He further alleges that there "is no contract or document saying [that he] work[ed] for the [Johnson County Detention Center]" and that he was working "without [being] hired" for any job at the facility. (doc. 40 at 2.) Plaintiff does not appear to have had a job at the facility but was instead performing a single act of prison maintenance. *See* EEOC Dec. No. 86-7, 1986 WL 38836 at *1-3 (Apr. 18, 1986) (inmate performing prison maintenance solely inside the prison was not an employee protected under Title VII); *see Moyo v. Gomez*, 32 F.3d 1382, 1385 (9th Cir.), *amended by*, 40 F.3d 982 (9th Cir. 1994) (noting that "inmates working directly for a prison pursuant to state law requiring prisoners to work at hard labor are not 'employees' . . . [under] Title VII"). He has therefore failed to state a plausible claim of employment discrimination, and any Title VII claim is subject to dismissal on this basis.

Plaintiff's claims under Title VII can be alternatively dismissed for failure to exhaust his administrative remedies. Before an individual can pursue a Title VII claim in federal court, he must exhaust his available administrative remedies. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79

(5th Cir. 2002). This typically means that the complainant must first file the charge with the Equal Employment Opportunity Commission (EEOC) within 180 days after the alleged unlawful practice occurred. *See* 42 U.S.C. § 2000e-5(e)(1); *Edelman v. Lynchburg College*, 535 U.S. 106, 109 n.1 (2002). In a "deferral state" like Texas, the charge must be filed within 300 days of the alleged unlawful act. *Martin v. Lennox Int'l Inc.*, 342 F. App'x 15, 18 (5th Cir. 2009) (per curiam).

Here, Plaintiff fails to allege that he exhausted his administrative remedies under that statute by filing a charge of discrimination with the EEOC. (*See* docs. 24, 40.) Assuming Title VII applies to Plaintiff, any Title VII claim is alternatively subject to dismissal under Rule 12(b)(6) for failure to exhaust. *See Baker*, 2016 WL 7046615 at *3.[14]

### IV. OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to

---

[14] The timely filing and exhaustion of an EEOC charge is a condition precedent to bringing suit on an employment discrimination claim under Title VII, so a failure to exhaust is properly considered under Rule 12(b)(6) rather than Rule 12(b)(1). *See Mishra v. Bank of America*, No. 3:14-CV-1521-M, 2016 WL 944133 at *6 (N.D. Tex. Feb. 16, 2016), *adopted by*, 2016 WL 1060311 (N.D. Tex. Mar. 11, 2016). Generally, dismissals under Rule 12(b)(6) are on the merits and should be with prejudice. *Csorba v. Varo, Inc.*, 58 F.3d 636 n.2 (5th Cir. 1995) (per curiam) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). However, "[w]hen a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies." *Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004) (citing *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997); *Crawford v. Tex. Army Nat'l Guard*, 794 F.2d 1034, 1035, 1037 (5th Cir. 1986)).

dismiss after being specifically invited to do so by the court. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff did respond to the motion to dismiss (doc. 40) and has already filed four amended complaints (docs. 13, 16, 19, 24). As discussed, even if he was afforded an opportunity to amend his complaint to name individuals, his claims are still subject to dismissal. Because he has pled his best case, no further opportunity to amend is warranted.

## V. RECOMMENDATION

Both motions to dismiss should be **GRANTED**. Plaintiff's immigration and FTCA claims should be **DISMISSED without prejudice** for lack of subject matter jurisdiction. Plaintiff's § 1983, *Bivens*, and Title VII claims against any remaining defendants should be **DISMISSED with prejudice** for failure to state a claim. The alternative motion for a more definite statement should be **DENIED as moot**.

**SO RECOMMENDED** on this 6th day of January, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE